**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| GREGORY D. MELTON, ) | CASE NO. 1:13-cv-1288 |
| ) | |
| Petitioner, ) | JUDGE SARA LIOI |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| TERRY TIBBALS, Warden ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Petitioner, Gregory Melton ("Melton"), challenges the constitutionality of his conviction in the case of *State v. Melton*, Lake County Court of Common Pleas Case No. 2008-CR-000499. Melton, *pro se*, filed a Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on June 11, 2013.[1] On January 6, 2014, Warden Terry Tibbals ("Respondent") filed a Motion to Dismiss arguing that the habeas petition was beyond the statute of limitations. (ECF No. 9.) Melton filed a Memorandum in Opposition on February 10, 2014. (ECF No. 10.) For reasons set forth in detail below, it is recommended that Melton's petition be DISMISSED as time-barred.

---

[1] The date appearing on Melton's petition next to his signature is May 14, 2013. (ECF No. 1 at 12.)

## I. Procedural History

**A.  Conviction**

On October 15, 2008, a Lake County Grand Jury charged Melton with one count of attempted murder in violation of Ohio Revised Code ("O.R.C.") § 2923.02 together with firearm and forfeiture specifications, one count of felonious assault with a deadly weapon in violation of O.R.C. § 2903.11(A)(2) together with firearm and forfeiture specifications, one count of having weapons while under disability in violation of O.R.C. § 2923.13(A)(3), and one count of improperly handling firearms in a motor vehicle in violation of O.R.C. 2923.16(A).[2]  (ECF No. 9-1, Exh. 1.)

Prior to presenting its case, the State dismissed the attempted murder charge.  (ECF No. 9-6, Exh. 6.)  On April 8, 2009, a jury found Melton guilty of the remaining charges.  (ECF No. 9-7, Exh. 7.)  On May 20, 2009, the trial court sentenced Melton to an aggregate term of thirteen years incarceration.  (ECF No. 9-9, Exh. 8.)

**B.  Direct Appeal**

On June 18, 2009, Melton, through counsel, filed a Notice of Appeal with the Court of Appeals for the Eleventh Appellate District ("state appellate court").  (ECF No. 9-9, Exh. 9.)  He raised the following assignments of error:

> 1.  The trial court erred to the prejudice of the defendant-appellant by failing to allow him to completely present his defense and thoroughly cross-examine key witnesses, in violation of his rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 10

---

[2]  Prior to trial, on March 27, 2009 and March 30, 2009, the State filed motions for leave to amend the indictment. (ECF No. 9, Exhs. 3 & 4.)  On March 31, 2009, the trial court allowed the amendments.  (ECF No. 9-5, Exh. 5.)  Notably, no additional charges were added.  However, the language of the existing four charges was modified.

and 16, Article I of the Ohio Constitution.

The trial court erred when it failed to allow the defendant-appellant to fully present his defense by limiting his cross-examination of two of the State's key witnesses regarding their history of violence.

2. The trial court erred to the prejudice of the defendant-appellant when it permitted a deposition of a State's witness in violation of the defendant-appellant's State and Federal Constitutional rights to due process and a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution.

   The court erred when it allowed the State to take and use at trial the deposition of Jeremy Hathy without requiring the state to present evidence that the witness was unavailable.

3. The trial court erred in not excluding all reference to the defendant-appellant's prior drug trafficking conviction from the State's case-in-chief in violation of his rights to due process and fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution.

    The trial court erred when it allowed the parties to enter into a stipulation informing the jury of the nature of the defendant-appellant's prior conviction.

4. The trial court committed plain error by admitting testimony concerning prior bad acts by the defendant-appellant in violation of his rights to a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution.

   The trial court erred when it allowed Crystal Ernst to testify about threats that were allegedly made to her by Mr. Melton prior to June 30, 2008.

5. The defendant-appellant's constitutional rights to due process under the Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution were prejudiced by the ineffective assistance of trial counsel.

   The counsel was ineffective when he agreed to stipulate that the jury be told about the defendant-appellant's qualifying offense was drug trafficking.

> Counsel for the defendant-appellant was ineffective when he failed to object to testimony concerning other bad acts allegedly committed by the defendant-appellant.
>
> 6. The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim.R. 29(A).
>
> The trial court erred in denying defendant-appellant's Crim. R. 29 Motion for Acquittal when the State failed prove its case beyond a reasonable doubt.
>
> 7. The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.
>
> The evidence was insufficient as a matter of law to sustain the conviction of the defendant-appellant where the conviction was not supported by competent, credible evidence which proved his guilt beyond a reasonable doubt.

(ECF No. 9-10, Exh. 10.)

On March 29, 2010, Melton's conviction was affirmed. (ECF No. 9-12, Exh. 12.)

Melton failed to file a timely notice of appeal with the Supreme Court of Ohio.

**C. Other "Filings"**

Melton attached two documents to his habeas petition, one labeled a "Motion for Resentencing" and another as a "Motion for Allied Offenses." (ECF No. 1-3.) Neither document is dated.[3] Furthermore, the Lake County Court of Common Pleas' docket reflects no such filings.

**D. Federal Habeas Petition**

On June 11, 2013, Melton filed a Petition for Writ of Habeas Corpus. (ECF No. 1.) The grounds for relief are not clearly set forth in Melton's petition. However, the Court construes

---

[3] Respondent avers that said documents are dated June 11, 2013. (ECF No. 9 at 10.) However, that date is stamped on the documents by this Court's docketing system and reflects the date they were filed.

Melton as raising the following grounds for relief: (1) the indictment wrongfully charged Melton with felonious assault as there was no evidence the bullet struck the victim; (2) his trial counsel was ineffective for stipulating to Melton's history of criminal convictions and failing to impeach the witnesses that testified against him; and (3) his convictions and sentences should have merged as they were based on a single event. *Id*.

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.  One-Year Limitation**

In the instant action, Respondent asserts that Melton's petition is time-barred because he did not file within the one-year limitations period.  (ECF No. 9 at 15-17.)  Melton's conviction became final on May 14, 2010, forty-five (45) days after the state appellate court denied his appeal and the time to file a timely notice of appeal with the Supreme Court of Ohio expired.[4]

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003).  "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law."  *Id.*[5]

Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)."  *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their

---

[4] May 13, 2010 was the last day Melton could have filed a timely appeal with the Supreme Court of Ohio pursuant to Ohio S.Ct. Prac. R. 2.2.  Thus, his conviction became final the next day.

[5] An application for state habeas review is an application for state post-conviction review or other collateral review within the meaning of the AEDPA.  *See Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003), *overruled on other grounds as stated in Sanders v. Bobby*, 2008 U.S. Dist. LEXIS 7248 (N.D. Ohio 2008).

form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Because Melton's conviction became final on May 14, 2010, his habeas petition had to be filed no later than Monday, May 16, 2011. Even utilizing May 14, 2013, the date Melton ostensibly signed his habeas petition as the date of filing, his petition was submitted nearly two years after the statute of limitations expired. It appears that Melton attempted to file a discretionary appeal with the Ohio Supreme Court. However, no appeal was ever technically filed with the Supreme Court of Ohio. Pursuant to Ohio Supreme Court Practice Rule 2.2 in effect:

> [T]he time period designated in this rule for filing a notice of appeal and memorandum in support of jurisdiction is mandatory, and the appellant's failure to file within this time period shall divest the Supreme Court of jurisdiction to hear the appeal. The Clerk of the Supreme Court shall refuse to file a notice of appeal or a memorandum in support of jurisdiction that is received for filing after this time period has passed.

Ohio S.Ct. Prac. R. 2.2(A)(1)(b) (2010). The Ohio Supreme Court rejected his materials as untimely – they were received one-day after the May 13, 2010 deadline and, therefore, never *filed*.

(ECF No. 1-2; *see* Letter dated May 17, 2010.) A subsequent attempt to file a motion for delayed appeal was also rejected by the Ohio Supreme Court as being non-compliant with that court's rules. (ECF No. 1-2; *see* Letter dated July 29, 2010.) Thus, those submissions were never *filed* – let alone properly filed – and had no tolling effect. Likewise, neither Melton's Motion for Resentencing nor his Motion for Allied Offenses (ECF No. 1-3) were actually filed, as reflected by the Lake County Court of Common Pleas' docket.

Therefore, unless equitable tolling is appropriate or Melton is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

**B.   Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. Melton has not argued that the factual predicate of his claims could not have been discovered until a later date. (ECF No. 10.) Furthermore, such an argument would be unreasonable in light of Melton's grounds for relief. He argues that the indictment wrongfully charged him with felonious assault as there was no evidence the bullet struck the victim, that trial counsel was ineffective, and that his convictions and sentences should have merged as they were the product of a single act. (ECF No. 1.) The factual predicates of these claims were immediately discoverable by Melton at the conclusion of trial and after sentencing.

**C.   Equitable Tolling**

Finally, the Court finds that equitable tolling is not appropriate. Melton did not raise a

tolling argument in his Traverse after Respondent raised the statute of limitations defense.[6] *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable). In order to be entitled to equitable tolling, Melton must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Here, Melton cannot reasonably claim that he was diligently pursuing his rights. Although he did attempt an appeal to the Supreme Court of Ohio, the court refused to accept the documents due to being one day late.[7] Furthermore, Melton received a letter dated July 29, 2010 from the Supreme Court of Ohio's Clerk's office informing him that his attempt to file a delayed appeal was also rejected. Even from that later date, Melton took no action for approximately two years and ten months when he filed his habeas petition in May of 2013. A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999). In addition, Melton has not argued, let alone demonstrated, that some extraordinary circumstance stood in the way of his timely filing his habeas petition.

---

[6] Melton does assert that his untimely petition "is not placing the State in a prejudicial position." (ECF No. 10.)

[7] It bears noting that Melton cannot claim that he was ignorant of the state appellate court's decision or the forty-five (45) day deadline. In a letter dated April 7, 2010, appellate counsel informed Melton that his appeal was denied. (ECFR No. 1-1.) That same letter informed Melton that there was a 45 day filing deadline for filing a timely appeal. *Id*.

-9-

Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

**D.    Actual Innocence**

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the United States Supreme Court recently held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations.  The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1).  *Id*. at 1931.  The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928.  In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Here, Melton has not argued that he is actually innocent, nor has he pointed to any new, reliable evidence that could support such a claim.

### III.  Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

/s/ *Greg White*
U.S. Magistrate Judge

Date: June 25, 2014

-10-

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).